♦AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

**FILED**
FEB 23 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| UNIVERSAL LIFE RESOURCES, LP | Case Number: 10CR4745-LAB |
| | MICHAEL LIPMAN |
| | Defendant's Attorney |

**REGISTRATION NO.**

[x] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)(attached criminal forfeiture order)

THE DEFENDANT:
[x] pleaded guilty to count(s) ONE AND TWO OF THE INFORMATION

[ ] was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1341 | MAIL FRAUD | 1 |
| 18 USC 1954 | KICKBACKS INVOLVING EMPLOYEE BENEFIT PLANS | 2 |

The defendant is sentenced as provided in pages 2 through ___3___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[ ] Count(s) _____ is [ ] are [ ] dismissed on the motion of the United States.
[x] Assessment: $100.00 PER COUNT, TOTAL $200.00

[x] No fine    [x] Forfeiture pursuant to order filed ___2/14/2011___, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

FEBRUARY 14, 2011
Date of Imposition of Sentence

*Larry A. Burns*

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

10CR4745-LAB

AO 245D    (Rev. 3/10) Judgment in a Criminal Case for Revocations
           Sheet 2 -- Probation

Judgment—Page 2 of 3

DEFENDANT: UNIVERSAL LIFE RESOURCES, LP
CASE NUMBER: 10CR4745-LAB

## PROBATION

The defendant is hereby sentenced to probation for a term of:

5 YEARS, EACH COUNT CONCURRENT

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than ____ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

10CR4745-LAB

DEFENDANT: UNIVERSAL LIFE RESOURCES, LP
CASE NUMBER: **10CR4745-LAB**

Judgment—Page __3__ of __3__

# SPECIAL CONDITIONS OF SUPERVISION

☐ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☒ The defendant shall violate no laws, federal, state and local, minor traffic excepted.

☐ Not associate with undocumented aliens or alien smugglers.

☒ The defendant shall pay the criminal forfeiture amount.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Comply with the conditions of the Home Confinement Program for a period of _____ months and remain at your residence except for activities or employment as approved by the court or probation officer.

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

10CR4745-LAB

FILED

FEB 1 4 2011

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL LIFE RESOURCES, LP,<br><br>Defendant. | Case No. 10cr4745-LAB<br><br>ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of the above-named Defendant, UNIVERSAL LIFE RESOURCES, LP ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(7), as property which constitutes or is derived from proceeds traceable to the offenses charged in the Information; and

WHEREAS, on or about November 30, 2010, Defendant entered a guilty plea to the two-count Information, and on February 9, 2011, this Court accepted the plea of Defendant, which plea included a consent to the forfeiture allegations of the Information and an agreement to entry of a $1,500,000 forfeiture money judgment against the Defendant in favor of the United States; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that **$1,500,000** (U.S. dollars) represents the proceeds the

//

1   Defendant obtained directly or indirectly as a result of the violation of Title 18, United States Code,
2   Sections 1341 and 1954, as charged in Counts 1 and 2 of the Information; and
3       WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now
4   entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount
5   of **$1,500,000**, pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), 28 U.S.C. § 2461(c) and
6   Rule 32.2(b) of the Federal Rules of Criminal Procedure; and
7       WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent
8   that the forfeiture consists of a money judgment;" and
9       WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has
10  established the requisite nexus between the **$1,500,000** judgment and the offense; and
11      WHEREAS, the United States, having submitted the Order herein to the Defendant through
12  its attorney of record, to review, and no objections having been received;
13      Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
14      1.    Defendant UNIVERSAL LIFE RESOURCES, LP shall forfeit to the United States
15  the sum of **$1,500,000** pursuant to Title 18, United States Code, Sections 982(a)(7), 981(a)(1)(C)
16  and Title 28, United States Code, Section 2461(c).
17      2.    Judgment shall be entered in favor of the United State against Defendant
18  UNIVERSAL LIFE RESOURCES, LP in the amount of **$1,500,000.00**, with interest to accrue
19  thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.
20      3.    This preliminary order of forfeiture is final as to the Defendant upon entry pursuant
21  to Rule 32.2(b)(3).
22      4.    Defendant is directed to make, at a minimum, the following payments on the
23  $1,500,000 forfeiture judgment:
24      a)    The payments shall be payable to the United States of America through the
25  Internal Revenue Service.
26      b)    Defendant has agreed that no tax deduction will be sought in connection
27  with any payments made on the judgment.
28  //

    c)      Defendant must pay a minimum of $20,000.00 per year to the United States on the judgment. Pursuant to Defendant's plea, the first annual payment was due on January 1, 2011. However, the plea had not yet been accepted as of that date. Upon acceptance of the plea, the first payment of at least $20,000.00 is due forthwith to the Internal Revenue Service. All subsequent payments are due and payable on January 1st until said forfeiture judgment is paid in full.

5.      Notwithstanding the payment schedule set forth above, the United States is free to take all collection actions available to it against Defendant to collect the full amount of the judgment at any time. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed **$1,500,000** to satisfy the money judgment in whole or in part.

6.      Defendant will take whatever steps the United States deems necessary to effectuate the payment of the forfeiture judgment, including completing any legal documents required for the payment and taking whatever steps are necessary to ensure that the funds available for payment are not disbursed, wasted, hidden, or otherwise made unavailable for payment. In the event that a claim to the funds is made by a third party, Defendant will provide evidence in the form of documentation and/or testimony, as requested by the United States. If the above property is unavailable by any act or omission of Defendant, Defendant will pay substitute assets up to the amount of the forfeiture judgment, pursuant to Title 18, United States Code, Section 982(b).

7.      This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

DATED: 2-14-11

*[signature]*
LARRY A. BURNS, Judge
United States District Court